IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GE MONEY BANK,** | |
| **Plaintiff,** | **Case No. 2:11-cv-523** |
| **v.** | **Judge Peter C. Economus** |
| **WILLIAM BRINGMAN,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

This matter is before the Court on Plaintiff GE Money Bank's Motion to Remand. (Dkt. 11.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**, and this case is **REMANDED**.

I.  **Background**

The original action in this case was filed by Plaintiff GE Money Bank ("GE") against Defendant William Bringman in the Mount Vernon Municipal Court in Knox County, Ohio. (Dkt. 3.) The amended complaint in that action asserts state law claims for unjust enrichment and money lent/money paid. (Dkt. 9.) Bringman filed a third-party complaint impleading a third-party defendant, Andrea Lea Weller as Trustee of the Legacy Family Trust ("Weller") seeking contribution and indemnification. (*See* Dkt. 2 at 32, 35, 39; Dkt. 10.) Weller then filed an answer and counterclaim against Bringman alleging violations of the Fair Debt Collection Practices Act. (Dkt. 10.)

Based on Third-Party Defendant Weller's counterclaim against him under the Fair Debt Collection Practices Act, Bringman removed the action to this Court, asserting that the Court has original federal question jurisdiction and that the action may therefore be removed pursuant to 28 U.S.C. § 1441. (Dkt. 2 at 2.)

**II.** **Analysis**

Because Bringman sought removal, he bears the burden of establishing that removal was proper. *See Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98 (1921)). According to Bringman, this action was properly removed under 28 U.S.C. § 1441 because the Court has original federal question jurisdiction over the federal law counterclaim asserted against him.

"Under the longstanding well-pleaded complaint rule," federal question jurisdiction exists "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal question jurisdiction cannot rest upon a counterclaim, however. *Id.* (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002)). The Supreme Court has explained:

> [F]ederal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." . . . [W]e have declined to adopt proposals that "the answer as well as the complaint . . . be consulted before a determination [is] made whether the case 'arises under' federal law . . . ." It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction.

*Holmes Group*, 535 U.S. at 831 (internal citations omitted). The Court noted that "it would undermine the clarity and simplicity of that rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case 'arises under' federal law." *Vaden*, 129 S. Ct. at 1272.

Without citing supporting law, Bringman asserts that "[t]he only counterclaim that is not permitted removal is one against an original plaintiff." He states that "[t]here appears to be no case law that has decided the issue" of whether a third-party counterclaim against an original

defendant can be the basis of federal jurisdiction. (Dkt. 12 at 3.) As noted above, however, the law is clear that a counterclaim cannot serve as the basis for federal question jurisdiction. *Holmes Group*, 535 U.S. at 831.

Because a counterclaim cannot serve as a basis for federal question jurisdiction, and Bringman does not assert alternative bases for jurisdiction and removal under 28 U.S.C. § 1441, the Court need not address the parties' arguments regarding whether Bringman is a "defendant" for the purpose of that statute.

### III. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** Plaintiff's Motion (Dkt. 11) and **REMANDS** this action to the Mount Vernon Municipal Court. The Court reserves limited jurisdiction over this case for the purpose of considering a motion for fees and costs pursuant to 28 U.S.C. § 1447(c). *See Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997); *Waymire v. Leonard*, 724 F. Supp. 2d 876 (S.D. Oh. 2010).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  November 16, 2011**
**UNITED STATES DISTRICT JUDGE**